## CAUTION TO JURY TO DISREGARD QUESTIONS IMPROPERLY ASKED.

Circuit Court of Cuyahoga County.

KORNFELD, EXECUTRIX OF LEOPOLD KORNFELD, DECEASED, v. SIMON KORNFELD.

Decided, December 22, 1905.

*Trials—Misconduct of Counsel—How Cured.*

A statement by the court that counsel has persistently asked improper questions, accompanied by a caution to the jury to disregard such questions and to draw no inference as to what the answer would have been had the witness been permitted to answer them, cures any error because of the misconduct of counsel.

*Thomas Robinson,* for plaintiff in error.
*Kerruish, Chapman & Kerruish,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This proceeding in error was brought to reverse a judgment recovered by defendant in error against plaintiff in error on an account for personal services rendered to plaintiff in error's testator during his lifetime, at an agreed price of ten dollars per week. The answer admits the employment, but denies the correctness of the account, alleging that it had been "balanced, settled, satisfied and paid." The evidence fully shows without contradiction, that the rate per week was $10. The only real issue for the jury to determine was whether the plaintiff had got his money as he went along.

It is said that the judgment should be reversed because of error in ruling out certain evidence, because the verdict was against the weight of the evidence, because of misconduct of attorney for plaintiff below in the trial of the case, and for error in the charge.

The only error in ruling on evidence called to our attention is the exclusion of a portion of testator's will offered by defendant below as tending to show provision for any possible indebtedness that might have accrued to plaintiff from the estate.

To our minds the will as offered tended to the opposite conclusion. At any rate it threw no light upon the issue being tried and was properly excluded.

Nor can we say that the verdict was against the weight of the evidence. The bill of exceptions shows that the question of the credibility of the witnesses was particularly inquired into and, as they were before the jury which had the benefit of observing their conduct on the stand, we are loath to say that the jury was not warranted in reaching the conclusion stated in the verdict.

As to the misconduct of counsel the record discloses such abuse of a lawyer's function as to require the rebuke it received from the trial judge, but while censuring counsel and cautioning the jury, the trial judge was of the opinion that the actions of witnesses, by provoking counsel, gave excuse for more or less of the alleged misconduct complained of.

The parties to this case were both Jews. I shall read from page 272 of the record to show the view taken by the trial judge of the misconduct complained of:

"Q. But isn't it true that after this lady got married to her husband, a young fellow, a Gentile too—

"To which question counsel for defendant objected.

"THE COURT: I sustain the objection. Strike out the question so far as given.

"MR. ROBINSON: And also it is misconduct on the part of the attorney on the other side.

"THE COURT: I sustain the objection; it is stricken out.

"Q. Did you come there in the guise of a Jewish Rabbi with a pair of scissors to circumcise her husband shortly after the old man's death?

"To which question counsel for defendant objected; which objection was sustained by the court.

"MR. KERRUISH: Well, that is all.

"MR. ROBINSON: Now, if the court please, I wish the court to caution Mr. Kerruish not to go on with that style of examination for the purpose of affecting the jury; it is misconduct right straight along. I ask the court not to caution him that that thing must be stopped.

"THE COURT: Your objection was sustained.

"MR. ROBINSON: If the court please, that doesn't make any difference. It seems to be persistent on the part of Mr. Kerruish to inject testimony irrelevant to the case in his question.

"Mr. Kerruish: Oh, no, you are doing that.

"Mr. Robinson: And that is the very thing that the Supreme Court rebuked him and reversed his case for, this persistent act, and Judge Neff did not caution him at the request of the attorney in his case. Now I ask this court here, on the record of the Supreme Court case, to caution him not to indulge in that style of examination again.

"Mr. Kerruish: I ask this court to caution this counsel not to give way to childishness nor to foolishness.

"Mr. Robinson: Now, I object to that, if the court please, that statement in the presence of the jury. We want to know whether we have a lawyer here or a mountebank.

"The Court: It isn't very easy, even for one who has no interest in the matter at all, to determine where propriety ends in this case or where impropriety begins. I think that during the progress of the trial questions must have been asked by counsel for plaintiff with full knowledge that they were not proper questions—a series of questions to the same witness and asked more than once. It seems to me any lawyer would know they are not proper—a whole series of questions objected to and the objections sustained—one question after another of the same character. I don't impugn the purpose or motive of counsel, I can not do this, but they are improper. This last inquiry was improper. I can not close my eyes to the character of man —the kind of man that was testifying, and the manner of his testimony, it was well calculated to provoke such questions as have been asked him, the objections to which have been sustained. Now I have nothing more to say so far as counsel are concerned. Now I will say to the jury that the jury has no right to infer, when a question is asked and not allowed to be answered, the jury has no right to infer that there is any fact in existence warranting that question. You have no right to infer that if it had been allowed to be answered the answer would have been one thing or another thing. Questions are asked by all lawyers that are improper, and, as a rule, they do it not intending to ask improper questions and without time to think, or under the impulse of the moment, or provocation of the situation; such questions are asked and the objection is sustained; the jury ought not to be influenced in the least by the fact that such question is asked; it is the answers to questions that make evidence for the jury, not the questions that are not answered. Now let the jury bear in mind, as to all such instances in the conduct of this trial where questions have been asked on either side by either counsel and not allowed to be answered. They impute nothing; they import nothing of fact. You look to the answers that are allowed to be made to questions and to them

only.   I do not mean by that that you are not to take into consideration the conduct of the witness.   You are not to take into consideration or be influenced by the conduct of counsel on either side.   Go on.

"MR. KERRUISH:   Will you note an exception to the court's ruling on the exclusion of this evidence?

"MR. ROBINSON:   Will you also note an exception on the part of the defendant that the court did not caution Mr. Kerruish?

"THE COURT:   What's that?

"MR. ROBINSON:   That the court did not caution Mr. Kerruish.

"THE COURT:   You both have exceptions.

"MR. KERRUISH:   Suppose we take another to the court's refusal to caution my friend here as I suggested.

"MR. ROBINSON:   Now there you go again—if Your Honor please.

"THE COURT:   You may note his exception.   Now go on with your testimony."

The trial judge having witnessed the scenes complained of, saw fit, after cautioning the jury, to permit the trial to go on. The caution was couched in language sufficiently plain and emphatic to guide the jury aright.   We must therefore assume that no prejudice resulted from the misconduct complained of.

The error alleged in the charge relates to what was said therein regarding the fact that the defendant below did not testify in the case.   She was an executor, but not thereby prevented from testifying; she was shown by the evidence to have knowledge of the facts of the case.

Reference was made during the trial to the fact that she had not testified, as well as to the fact that the plaintiff had not testified.   The judge said to the jury that the plaintiff was not permitted to testify because he was suing the executor.   He continued, very properly and accurately, and stated the conclusion the jury might deduce from that fact, if they found she must have had knowledge of the facts of the case.   We see no error in this part of the charge, and finding no error the judgment is affirmed.